**IN THE COURT OF APPEALS OF IOWA**

No. 16-1217
Filed October 12, 2016

**IN THE INTEREST OF E.R.,**
**Minor child,**

**T.R., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Susan C. Cox, District

Associate Judge.




        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**




        Jane M. White of Jane White Law Office, Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Chuck S. Fuson of Youth Law Center, Des Moines, guardian ad litem for

minor child.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

A father appeals from a juvenile court's order terminating his parental rights to his child, E.R.[1] He claims the State failed to prove the statutory grounds for termination, the petition was filed prematurely, and the court erred in finding the father was in default. We affirm the juvenile court's order.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing termination of parental rights is well established and need not be repeated here. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010).

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e) and (h) (2015). When the juvenile court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We choose to address the ground for termination under section 232.116(1)(h), which provides that parental rights may be terminated

> when there is clear and convincing evidence that a child under the age of three who has been adjudicated [a child in need of assistance (CINA)] and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody at the time of the termination hearing.

*Id.*

The child was removed from the parents' care on November 5, 2015, and was later adjudicated a CINA. On April 22, 2016, a petition for termination of parental rights was filed. The petition erroneously alleged the child had been

---

[1] The mother's parental rights were also terminated. She is not a party to this appeal.

removed from the physical custody of the parents for at least the last six months.[2] The termination-of-parental-rights hearing was held on June 17, 2016. The father was not present due to his incarceration, but he was represented by counsel. The court took judicial notice of certain evidence. No testimony was presented at the hearing, and the father presented no independent evidence.

On appeal, the father asserts section 232.116(1)(h)(3) "requires that the child be removed from the care of the parent for six months *prior* to the filing of the Petition to Terminate or the allegation is not ripe." Because the child had not been removed for at least six months on the day the petition was filed, the father argues the termination must be reversed. The father did not raise this issue before the juvenile court; he raises it for the first time on appeal. "As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal." *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Consequently, the father has not preserved this issue for our review.

Even assuming error had been preserved, the father's claim is without merit. "The statutory time period specified in section 232.116(1)(h)(3) begins to run on the date custody is transferred and continues to run until the date of the termination hearing." *In re J.O.*, 675 N.W.2d 28, 30 (Iowa Ct. App. 2004). Put another way, we look to see if the statutory requirements are met as of the date of the termination-of-parental-rights hearing, not the date of the filing of the

---

[2] The requisite six-month period did not run until May 5, 2016.

petition. *See id.* Clearly, the six-month removal requirement was met at the time of the hearing.

The father does not dispute that the other three elements of paragraph (h) were proved, and his failure to make any argument concerning these elements waives any challenge to them. *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) (noting a party's failure to present any substantive analysis or argument on an issue waives the issue); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating "review is confined to those propositions relied upon by the appellant for reversal on appeal"). In any event, we find on our de novo review of the record that the grounds under section 232.116(1)(h) were proved by clear and convincing evidence. Accordingly, we affirm the termination of the father's parental rights under section 232.116(1)(h).

The father also argues "the juvenile court erred in stating the father was procedurally in default for failing to file a motion or answer and terminated his parental rights for that reason." Curiously, the juvenile court included the following language in its order:

> Procedurally, the father is in default. He failed to file a motion or answer. In addition, the father failed to be present for trial. The court therefore finds that he is in default and enters judgment against him and terminates his parental rights to E.R.

The court erred in making such a statement.

The father was not in default for failing to file a motion or answer to the petition to terminate his parental rights. There is no rule or statutory provision that requires a parent to respond to such petition by motion or answer. Nor was the father in default for failing to be present at termination-of-parental-rights

hearing. His attorney filed an appearance in the matter and appeared on behalf of the father at the hearing. It is not uncommon for an incarcerated parent to be absent from a termination-of-parental-rights hearing; nor is the incarcerated parent's physical or telephonic presence required. *See In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991) (holding a parent is afforded due process during termination-of-parental-rights proceedings if given notice of the proceedings, represented by counsel who is present at the proceedings, and afforded the opportunity to present testimony by deposition); *see also In re K.M.*, No. 16-0795, 2016 WL 4379375, at *3-4 (Iowa Ct. App. Aug. 17, 2016); *In re J.G.*, No. 15-1755, 2016 WL 363747, at *1 (Iowa Ct. App. Jan. 27, 2016); *In re N.H.*, No. 15-0691, 2015 WL 5577069, at *2-3 (Iowa Ct. App. Sept. 23, 2015); *In re N.W.*, No. 12-1233, 2012 WL 3860661, at *1 (Iowa Ct. App. Sept. 6, 2012); *In re A.S.*, No. 11-1325, 2012 WL 170705, at *1 (Iowa Ct. App. Jan. 19, 2012); *In re K.B.*, No. 09-1397, 2009 WL 4111206, at *3-4 (Iowa Ct. App. Nov. 25, 2009); *In re M.B.*, No. 09-0409, 2009 WL 1913699, at *2 (Iowa Ct. App. July 2, 2009).

However, because we have affirmed the juvenile court's termination of the father's parental rights under section 232.116(1)(h), the juvenile court's erroneous default language is merely surplusage and therefore harmless. Reversal is not warranted.

**AFFIRMED.**